## WARDEN OF BALTIMORE CITY JAIL v. DRABIC

[No. 218, October Term, 1956.]

*Application for leave to appeal granted February 6, 1957. Decided June 3, 1957.*

The cause was argued before COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ., and McLAUGHLIN, J., Associate Judge of the Fourth Judicial Circuit, specially assigned.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Stedman Prescott, Jr., Deputy Attorney General,* and *J. Harold Grady, State's Attorney for Baltimore City,* on the brief, for the appellant.

Submitted on brief by *Roland Walker* for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

On August 13, 1956, the appellee, Andrew Jackson Drabic, was convicted of the following motor vehicle offenses in the Traffic Court of Baltimore City and fined in the amounts stated, "fines to be consecutive":

Operating on instruction permit without
   licensed operator ................... $ 25.00 and costs
Displaying license not his own ...... 100.00 and costs
Reckless driving .................... 100.00 and costs
Operating on fictitious tags ......... 100.00 and costs

He was unable to pay the fines imposed and was committed to the Baltimore City Jail. The commitments stated, "committed consecutive". After serving sixty days, the appellee filed a petition for a writ of *habeas corpus* in the Baltimore City Court. The hearing thereon was held by one of the associate judges of the Supreme Bench of Baltimore City and the appellee was ordered discharged. The appellant, Warden of the Baltimore City Jail, then made application for leave to appeal the order releasing the appellee, and it was granted by this Court.

Article 38, section 4 of the Maryland Code (1951) makes provision for the confinement in jail for the non-payment of fines and costs. It reads as follows:

> "Any person who shall or may hereafter be *committed to jail on any charge,* including contempt of court, by the judgment of any court or by any Justice of the Peace of this State, for *non-payment of any fine and costs,* shall be confined one day for each dollar of *fine* and costs but in no event shall be confined more than thirty days for *fine* and costs amounting to One Hundred Dollars, nor more than sixty days for *fine* and costs exceeding One Hundred Dollars but not more than Five Hundred Dollars, nor more than ninety days for *fine* and costs exceeding Five Hundred Dollars." (Emphasis supplied.)

The appellee contends that under this statute the above

fines and costs should be totaled, which would amount to the sum of three hundred and twenty-five dollars, plus costs; and that this amount when applied to the statute authorized and commanded his release after he had served sixty days in jail, because it exceeded one hundred dollars, but did not exceed five hundred dollars. He claims that it is significant that the word "any" is placed before the one dollar a day provision, but is omitted from the remainder of the statute. He argues that this omission was not inadvertent, but intentional, and manifested a legislative intention to require that the specified periods named in the statute shall be served for the aggregate of fines and costs, and not for any fine and costs. The appellant counters by stating the legislature, in the statute, used the word "fine" in the singular, and that *each* fine and costs must be treated separately in calculating the duration of the commitment. He fortifies this argument by a ruling to that effect by Judge Manley of the Supreme Bench of Baltimore City and an opinion from the Attorney General of Maryland, 40 Op. Atty. Gen. 201, which reads in part as follows:

"You will notice that the word 'fine' is used in the singular in Section 4 of Article 38, and it is our opinion that the Legislature, in writing the statute, intended that each fine be treated separately in determining the duration of commitment. Thus, where a violator is fined $50.00 and costs on one charge, and $150.00 and costs on another, and is committed to jail in default of payment of both fines, which commitments are to run consecutively, he must serve 30 days on the first fine, and 60 days on the second."

We think Judge Manley and the Attorney General properly construed the law. The word "fine" is in the singular number throughout the statute. It is difficult to imagine how the language used could be interpreted to mean that where there are a number of different violations, that the fines and costs should be totaled and considered as one fine in determining the duration of the offender's confinement. If the legislature had such an intention in mind, it would have been

quite a simple matter to have expressed the same. We feel that in order to adopt the construction suggested by the appellee it would be necessary to read something into the statute (*fines* instead of *fine*) that was not placed therein by the Legislature. This Court, as early as the year 1854, in considering the interpretation to be placed upon a statute in the case of *Alexander v. Worthington*, 5 Md. 471, 485, stated: "We are not at liberty to imagine an intent, and bind the letter of the act to that intent; much less can we indulge in the license of *striking out* and *inserting*, and *remodeling*, with the view of making the letter express an intent which the statute in its native form does not evidence." (Emphasis supplied.)

We hold that the fines and costs should not have been totaled and considered as one fine in calculating the duration of the commitment, but that they should have been considered separately. The appellee was, therefore, not entitled to his release until he had served a total of two hundred and six days.

*Order reversed, with costs, and case remanded for further proceedings in accordance with this opinion.*